IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON CANAS, | No. C 09-0081 MMC (PR) |
| Petitioner, | **ORDER DENYING MOTION FOR RELEASE ON BAIL, BOND OR ELECTRONIC MONITORING** |
| v. | |
| BEN CURRY, Warden, | (Docket No. 7.) |
| Respondent. | |

On January 8, 2009, petitioner, a California prisoner incarcerated at the Correctional Training Facility, Soledad, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2007 decision by the California Board of Prison Hearings ("Board") to deny petitioner parole. Respondent has filed an answer to the petition and petitioner has filed a traverse.

By order filed May 20, 2010, the Court directed the parties to file supplemental briefs setting forth their respective views as to the effect, if any, of the Ninth Circuit's recent decision in Hayward v. Marshall, 603 F.3d 546 (9th. Cir. 2010) (en banc). Both parties thereafter filed supplemental briefs.

Now pending before the Court is petitioner's motion for release on bail, bond or

electronic monitoring pending a decision on the merits of the instant petition.  Petitioner argues his motion should be granted because his petition is meritorious and he does not present a current danger to the community if released.

The Ninth Circuit has not decided whether a district court possesses the authority to grant a state prisoner bail during the pendency of federal habeas corpus proceedings.  See In re Roe, 257 F.3d 1077, 1080 (9th Cir. 2001).  Nevertheless, assuming such authority exists, the Court notes that a prisoner's release on bail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances or a high probability of success.  Id. (citing Land v. Deeds, 878 F.2d 318, 318 (9th Cir. 1989) (per curiam)).

Here, petitioner has not shown the circumstances of his case are so extraordinary as to warrant his release.  In particular, petitioner's arguments that he is entitled to release because his claims have merit and he is not a danger to the community are less compelling than those put forth by the petitioner in Roe, where the Ninth Circuit found the district court clearly erred by releasing the petitioner on bail based on his allegations of serious constitutional violations, actual innocence of the crimes, discovery abuses, failing health and available lodging upon release.  See id. at 1080-81.

Nor has petitioner shown a high probability of success on the merits of his petition. When reviewing a petitioner's challenge to a denial of parole under 28 U.S.C. § 2254(d), the district court must decide whether the last reasoned state court decision upholding the denial was an unreasonable application of California's requirement that a parole denial be based on "some evidence" of the prisoner's current dangerousness, or was based on an unreasonable determination of the facts in light of the evidence.  Hayward v. Marshall, 603 F.3d 546, 562-63 (9th Cir. 2010) (en banc) (holding "prisoner's aggravated offense does not establish current dangerousness unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state supports the inference of dangerousness") (internal quotation and citation omitted).

Here, petitioner, who was convicted of first-degree murder and sentenced to thirty-two years to life in state prison, claims the Board's denial of parole at his first parole suitability

hearing was not supported by evidence sufficient to show his release would pose a threat to public safety. In support of his claims, petitioner has attached to his petition the transcript of the parole hearing and decision, as well as the subsequent state court decisions denying habeas relief. The hearing transcript shows the Board found petitioner's release would pose an unreasonable risk of danger to society based not only on the circumstances of the commitment offense, but also petitioner's criminal history, his history of substance abuse, and his relatively recently acquired insight into his criminal and addictive behavior. (Pet. Ex. A (Parole Hearing Transcript) at 88-98.) In reviewing that determination, the Los Angeles County Superior Court ("Superior Court") found the record of the hearing contained some evidence to support the Board's finding. (Pet. Attachment ("Order Re: Petition for Writ of Habeas Corpus") at 1.)[1]

Based on the evidence on which the Board relied to deny parole, the Court concludes petitioner has not shown a high probability of success on his claim that the Superior Court unreasonably applied California's "some evidence" requirement when upholding the Board's decision. See Hayward, 603 F.3d at 562-63 (affirming district court's denial of habeas petition where state court found some evidence to deny parole based on nature of commitment offense and somewhat unfavorable psychological and counselor reports).

Accordingly, for the above-stated reasons, petitioner's motion for release on bail, bond or electronic monitoring pending a decision on the merits of the instant petition is hereby DENIED.

This order terminates Docket No. 7.

IT IS SO ORDERED.

DATED: December 8, 2010

MAXINE M. CHESNEY
United States District Judge

---

[1] As the Superior Court was the highest state court to address the merits of petitioner's claim in a reasoned decision, it is that decision which this Court reviews under § 2254(d). See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005).